COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-099-CR

                                        NO.
2-08-100-CR

 

 

 

LUIS CHAVARRI                                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Luis Chavarri appeals his convictions
and sentences for aggravated sexual assault of a child under age fourteen and
possession of child pornography.  In a
single point, he argues that his trial counsel provided constitutionally
ineffective assistance of counsel.  We
will affirm.








Chavarri entered open pleas of guilty to the
offenses of aggravated sexual assault of a child under fourteen years of age
and possession of child pornography.  He
testified at the punishment phase of the trial and detailed his criminal
conduct.  Chavarri=s
counsel called three other witnesses who gave testimony.  The trial court found Chavarri guilty of both
offenses and sentenced him to thirty-five years=
confinement for the aggravated sexual assault offense and eight years=
confinement for the possession of child pornography offense.

Chavarri argues in his sole point that because
trial counsel=s Aentire
goal was to achieve as lenient a sentence as possible,@ he was
ineffective for failing to obtain a mitigation specialist to assist in the
investigation and handling of the case. 
Chavarri contends that the trial court should have been presented with
evidence of his life story from sources other than just the Pre-Sentence
Investigation Report and his sister=s
testimony and that trial counsel Aput on a
halfhearted mitigation case.@








To establish ineffective assistance of counsel,
appellant must show by a preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).








In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the
particular circumstances of each case.  Thompson,
9 S.W.3d at 813.  The issue is whether
counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104
S. Ct. at 2065.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Thompson, 9
S.W.3d at 813B14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  Thus, there is a
substantial risk of failure when a claim of ineffective assistance of counsel
is brought on direct appeal.  Thompson,
9 S.W.3d at 813.  To overcome the
presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Salinas, 163 S.W.3d at 740 (quoting Thompson,
9 S.W.3d at 813).  It is not appropriate
for an appellate court to simply infer ineffective assistance based upon
unclear portions of the record.  Mata
v. State, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of Strickland requires a
showing that counsel=s errors were so serious that
they deprived the defendant of a fair trial, i.e., a trial with a reliable
result.  Strickland, 466 U.S. at
687, 104 S. Ct. at 2064.  In other words,
appellant must show there is a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding in which the result is being challenged.  Id. at 697, 104 S. Ct. at 2070.








Here, Chavarri did not develop the record to
support his ineffective assistance claim by filing a motion for new trial.  As such, there is no evidence in the record
demonstrating why trial counsel did not hire a mitigation specialist, there is
no evidence in the record illuminating the extent of trial counsel=s
investigation into Chavarri=s
background and life circumstances for possible mitigating evidence, nor is
there any evidence in the record that mitigating evidence existed to be
discovered by a mitigation specialist. 
The silent record is thus not sufficiently developed to allow us to do
more than speculate as to why trial counsel did not hire a mitigation
specialist.[2]  See Mata, 226 S.W.3d at 432.  Although there are rare cases in which a
record is sufficient for an appellate court to make a decision on the merits of
an ineffective assistance of counsel claim, this is not one of those cases;
trial counsel=s alleged ineffectiveness is not
so apparent from the record that Athe
inherent need for reversal is obvious.@  See Remsburg v. State, 219 S.W.3d 541,
546 (Tex. App.CTexarkana 2007, pet. ref=d).








Because
Chavarri=s allegation of
ineffectiveness is not firmly founded in the record, he has not overcome the
strong presumption that trial counsel=s conduct fell within the wide range of
reasonable representation.  See
Salinas, 163 S.W.3d at 740.  Chavarri=s ineffectiveness claim
thus fails under the first Strickland prong.  See Strickland, 466 U.S. at 688B89, 104 S. Ct. at 2065; Grijalva
v. State, No. 02-08-00018-CR, 2008 WL 4602252, at *1 (Tex. App.CFort Worth Oct. 16, 2008,
no pet.) (mem. op., not designated for publication) (addressing identical issue
and reaching same conclusion); see also Teixeira v. State, 89 S.W.3d.
190, 193B94 (Tex. App.CTexarkana 2002, pet. ref=d) (overruling argument
that counsel was ineffective for failing to request that a sexual offense
expert be appointed to assist at trial or in mitigation of punishment because
there was no showing in the record that an expert would have testified in a
manner that would have benefitted appellant). 
We overrule Chavarri=s sole point and affirm the trial court=s judgments.

 

 

PER
CURIAM

 

PANEL:  MEIER, DAUPHINOT, and
GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 2, 2009











[1]See Tex. R. App. P. 47.4.





[2]Chavarri=s argument relies heavily
on Wiggins v. Smith, 539 U.S. 510, 123 S. Ct. 2527 (2003).  Wiggins is procedurally
distinguishable from this case because the petitioner in that case sought
post-conviction relief in which he presented testimony supporting his
ineffective assistance claim.  Id.
at 516B17, 123 S. Ct. at 2532B33.  Here, Chavarri raises his ineffective
assistance claim on direct appeal with a silent record.